UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>LOUIS PHILLIPUS MEYER and LYNN MEYER,<br><br>　　　　　Debtors.<br><br>DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>LOUIS PHILLIPUS MEYER and LYNN MEYER,<br><br>　　　　　Appellees. | CASE NO. C14-0869JLR<br><br>Bankruptcy No. 14-S009<br><br>Adversary Case No. 13-1036-KAO<br><br>ORDER DENYING MOTION TO DISMISS OR LIMIT APPEAL |

Before the court is Defendants/Appellees Louis and Lynn Meyer's motion to dismiss or limit this bankruptcy appeal. (Mot. (Dkt. # 5).) In the motion, the Meyers ask

ORDER - 1

the court to dismiss this appeal or substantially limit its scope because Plaintiff/Appellant DZ Bank AG Deutsche Zentral-Genossenschaftbank, Frankfurt AM Main, New York Branch ("DZ Bank") filed an untimely notice of appeal. (*See id.*)

Under Federal Rule of Bankruptcy Procedure 8002, a notice of appeal must be filed within 14 days after entry of judgment. Fed. R. Bankr. P. 8002(a). However, "[i]f any party makes a timely motion" to alter or amend the judgment, for a new trial, or for other relief from a judgment or order, this 14 day period runs anew from "the entry of the order disposing of the last such motion outstanding." Fed. R. Bankr. P. 8002(b). In other words, a party may await the conclusion of post-judgment motion practice before filing a notice of appeal. *See id.* Once all timely post-judgment motions are decided, either party has 14 days to file a notice of appeal. *See id.*

In this case, DZ Bank filed two post-judgment motions before filing its notice of appeal. The bankruptcy judge entered judgment on February 28, 2014. (Stern Decl. (Dkt. # 5-1) at 4.) On March 14, 2014, 14 days later, DZ Bank filed a timely motion for reconsideration and the Meyers filed a motion for relief from judgment. (*Id.* at 5, 6.) Nearly two months later, on May 9, 2014, the bankruptcy judge entered orders on the two post-judgment motions, granting the Meyers' motion, denying DZ Bank's motion, and entering amended findings of fact and conclusions of law and an amended judgment. (*Id.* at 7-10.) Thus, on May 9, 2014, the 14-day appeals clock began to run again pursuant to Rule 8002(b). *See* Fed. R. Bankr. P. 8002(b). After 14 days passed, on May 23, 2014, DZ Bank filed not a notice of appeal but a second motion for reconsideration. (*Id.* at 11.) This motion for reconsideration requested relief from the amended judgment. (*Id.*) The

ORDER - 2

bankruptcy judge denied DZ Bank's motion seven days later on May 30, 2014, and DZ Bank filed a notice of appeal 14 days after that on June 13, 2014. (*Id.* at 12-13.)

The court must now decide whether the notice of appeal was timely. The Meyers argue that it was not because it was filed more than 14 days after the bankruptcy judge ruled on DZ Bank's first motion for reconsideration; they assert that DZ Bank's second motion for reconsideration did not toll the 14-day appeals clock. (*See* Mot. at 2-3.) DZ Bank argues that its second motion for reconsideration tolled the appeals clock and that therefore its notice of appeal was timely. (Resp. (Dkt. # 8) at 4-6.)

This issue is governed by settled law. As a general matter, a party may not use Rule 8002(b) to indefinitely toll the appeals clock by filing post-judgment motion after post-judgment motion. *Wages v. I.R.S.*, 915 F.2d 1230, 1234 n.3 (9th Cir. 1990); *In re Brewster*, 243 B.R. 51, 56 (9th Cir. BAP 1999) (citing *Aybar v. Crispin-Reyes*, 118 F.3d 10, 14 (1st Cir. 1997)).[1] As such, a second motion for relief from or reconsideration of the same judgment will not reset the appeals clock. *Brewster*, 243 B.R. at 56; *see also In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). However, the situation is different if the court amends the underlying judgment. *Wages*, 915 F.2d at 1234 n.3; *Herrington v. Cnty. of Sonoma*, 706 F.2d 938, 939 (9th Cir. 1983); *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 701 (9th Cir. 1984). If the judgment is amended, a second post-judgment motion will toll the appeals clock if the change in the amended judgment was

---

[1] In applying Federal Bankruptcy Rule 8002(b), the Ninth Circuit has held that courts should look to cases interpreting the Rule's counterpart in the Federal Rules of Appellate Procedure, Rule 4(a)(4). *In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1192 (1990). The court will therefore rely on Rule 4(a)(4) cases here without further comment.

ORDER - 3

1 "material" as opposed to merely the correction of a "true clerical error." *Geophysical Corp.*, 732 F.2d at 701.

Here, the second post-judgment motion tolled the appeals clock. *See id.* A change to a judgment is "material" if it affects the rights of the parties or the decision to appeal. *Id.* A change is not material if it merely corrects a clerical error, such as a mistakenly-entered date or other clerical error. *Id.* (citing *Cnty. of Imperial v. United States*, 348 F.2d 904, 905 (9th Cir. 1965)). In this case, the amended judgment substantially affected the rights of the parties and may have impacted DZ Bank's decision to appeal. Most notably, the amended judgment reduced the amount of the judgment against the Meyers by more than half, from $385,000.00 to $123,200.00. (*See* 5/9/14 Bankr. Order (Dkt. # 1) at 43-51.) The court also corrected an erroneous conclusion of law, concluding that it had committed manifest error the first time around. (*Id.*) In short, the court corrected its reasoning and arrived at a different damages amount. (*See id.*) These are material changes that affect the rights of the parties and could affect the decision to appeal. *See Geophysical Corp.*, 732 F.2d at 701. Neither of them could fairly be classified as corrections of "clerical errors." *See id.* As such, DZ Bank's motion for reconsideration of the amended judgment tolled the appeals clock, which began to run anew after the motion was resolved. *See id.*; *Wages*, 915 F.2d at 1234 n.3; *Herrington*, 706 F.2d at 939.

//
//
//
//

ORDER - 4

For these reasons, DZ Bank's notice of appeal was timely. The Meyers' motion to dismiss or limit this appeal is DENIED.

Dated this 28th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER - 5